UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LAQUON A. FLUKER**                                                    **PETITIONER**

**VERSUS**                                   **CIVIL ACTION NO. 3:15-cv-563-CWR-FKB**

**STATE OF MISSISSIPPI, et al.**                                   **RESPONDENTS**

<u>**MEMORANDUM OPINION**</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner Fluker is a pre-trial detainee currently incarcerated in the Lauderdale County Detention Facility, Meridian, Mississippi.  The instant request for habeas relief has been construed as brought pursuant to 28 U.S.C. § 2241.  *See* Order [3].  After reviewing the Petition [1], Petitioner's Responses [5 & 6], and relevant legal authority, the Court concludes that this case should be dismissed.

I.      **Background**

Petitioner states that he was indicted on February 13, 2015, for armed robbery in the Circuit Court of Lauderdale County.  Pet. [1] at 1, Pet'r's Resp. [5].  Petitioner asserts two grounds for habeas relief.  Pet. [1] at 5.  The grounds for habeas relief relate to Petitioner's claim that the (1) Meridian Police Department did not have proper cause to place him in a line-up as a suspect for armed robbery and (2) that the Meridian Police Department's line-up was impermissibly suggestive.  *Id.* at 5, 8.  Petitioner requests that the charge be dismissed and that he is paid for every day he has been incarcerated in the Lauderdale County Detention Facility.  Pet'r's Resp. [5].

II.      **Discussion**

While a pre-trial detainee has the right to seek federal habeas relief, the availability of such relief is not without limits.  *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488-89 (1973).  "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an

affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489.  Furthermore, a petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 483.

The United States Supreme Court has drawn a distinction between a pre-trial petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" and a petitioner seeking only to enforce the state's obligation to bring him promptly to trial.  *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citing *Braden*, 410 U.S. at 489-490; *Smith v. Hooey*, 393 U.S. 374 (1969)).  The Fifth Circuit has held that the distinction is based on the type of relief requested by the petitioner. *Id.*  If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Id.*  If the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide petitioner with a prompt trial. *Id.*  "[A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type," and this "objective is normally not attainable through federal habeas corpus." *Id.*

Petitioner is seeking the dismissal of the pending criminal charge of armed robbery in the Lauderdale County Circuit Court.  Petitioner argues that the Meridian Police Department did not have proper cause to place him in a line-up and that the line-up was impermissibly suggestive.  Pet. [1] at 1, Pet'r's Resp. [5].  Petitioner fails to identify any special circumstances necessitating federal court intervention or disruption of the state's judicial process.  The propriety of Petitioner's criminal charge for armed robbery can be resolved by a trial on the merits in state court or by other procedures of the state court system.  To permit Petitioner to "assert an affirmative defense" to his pending charges prior to a judgment of conviction by the state court "would short circuit the judicial

2

machinery of the state courts." *Brown*, 530 F.2d at 1283 (internal quotations omitted) (citing *Braden*, 410 U.S. at 490).  The Court concludes that pre-trial habeas corpus relief is unwarranted. *See id.; Dickerson*, 816 F.2d at 227.

Finally, the Court notes that Petitioner requested monetary damages to be paid "for everyday I was housed in the Lauderdale County Jail Detention Center." Pet'r's Resp. [5].  The sole function of the habeas petition is to grant relief from unlawful imprisonment or custody, and it cannot be used properly for any other purpose. *Pierre v. United States*, 525 F.2d 933 (5th Cir. 1976).  The relief of damages requested by Petitioner is simply not available by way of a writ of habeas corpus.[1]

## III.   Conclusion

The Court has considered the pleadings and applicable law.  Petitioner is seeking relief not available via federal habeas corpus.  Therefore, this *pro se* Petition for habeas corpus relief pursuant to § 2241 will be denied and this case will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **DISMISSED WITHOUT PREJUDICE**.  A Final Judgment will be entered in accordance with this Memorandum Opinion.

SO ORDERED, this the 23rd day of September, 2015.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] A review of the docket reveals that Petitioner's civil action pursuant to 42 U.S.C. § 1983 concerning his confinement based on the criminal charge of armed robbery is pending before the Court.  *See Fluker v. Lauderdale Co. Circuit Court*, Civil Action No. 3:15-cv-677-CWR-FKB (S.D. Miss. filed Sept. 17, 2015).